UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER,<br><br>Petitioner,<br><br>vs.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY;<br><br>Respondent. | 4:20-CV-04104-RAL<br><br><br>OPINION AND ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE AMENDED PETITION FOR WRIT OF MANDAMUS |

Petitioner Michael Hunter filed an amended petition for writ of mandamus under 28 U.S.C. §§ 1331 and 1361. Doc. 4. Hunter moves for leave to proceed in forma pauperis and has provided the Court with a financial affidavit. Doc. 2.

## I. Standard of Review

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see Lundahl v. JP Morgan Chase Bank, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. Lee v. McDonald's Corp., 231 F.3d 456 (8th Cir. 2000); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983); see Babino v. Janssen & Son, 2017 WL 6813137, *1 (D.S.D. 2017).

In light of the information Hunter has provided in his financial affidavit, this Court finds that he may proceed in forma pauperis.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); Martin-Trigona, 691 F.2d at 857; see also Lundahl, at *1. Pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Native Am. Council of Tribes v. Solem, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989) (internal citations omitted); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992). A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' ... by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Torti v. Hoag, 868 F.3d 666, 671 (8th Cir. 2017) (quoting In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) *(en* banc), Fed. R. Civ. P. 8(a)(2), and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (2009). A complaint must allege "more than

labels and conclusions." Torti, 868 F.3d at 671 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II. Allegations of Hunter's Amended Petition for Writ of Mandamus

Hunter claims that Saul is the acting Commissioner of the Social Security Administration (SSA) and that his goal has been to "deny disability benefits and make remedies meaningless[.]" Doc. 4 at 1, 7. He asks this Court to compel Saul "to perform a duty owed and issue payments for disability parent/child benefits in [a] speedy manner[.]" Id. at 1. Hunter also asks that Saul recuse himself as Commissioner because his appointment was made by President Donald Trump who was elected through the assistance of Vladimir Putin. Id. at 2.

Hunter claims that he has been declared an individual with a disability since he was a child and only recently his social security benefits were denied because he is married and not entitled to benefits. Id. Hunter claims that from 1972 until 2017 he has been in and out of state mental health hospitals through civil commitment. Id. He claims that he has been married two different times (once in Idaho and once in Washington) and that his marriages have been or should have been annulled. Id. at 4. Hunter asserts that because the SSA should not have denied his benefits due to his marital status because the SSA does not have the ability to make an accurate determination on his marital status. Id. Hunter's amended petition also addresses the alleged criminal acts of William Barr and President Trump's response to COVID-19. Id. at 10-11. He also asks that this Court compel the resignations of President Trump and William Barr. Id. at 12.

## III. Legal Analysis

Hunter brings his amended petition for writ of mandamus under 28 U.S.C. §§ 1331 and 1361. The Mandamus Act gives "district courts [ ] original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C § 1361. A writ of mandamus is an extraordinary

3

remedy and appropriate in situations where (1) the petitioner has an "indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006). Whether to issue a writ is within the discretion of the district court. See In re MidAmerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002) "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984).

Hunter does not claim that he has exhausted the administrative remedy process of the SSA, but asks this Court to compel the release of his disability benefits after the Commissioner found that Hunter was not entitled to them. See Doc. 4. Before a social security claimant can seek judicial review, the claimant must exhaust the administrative remedies, and it is not until these remedies have been exhausted that the Commissioner's decision is final. See Sipp v. Astrue, 641 F.3d 975, 979 (8th Cir. 2011). If the claimant does not properly present his/her claim to the Commissioner and exhaust the remedies, a federal court is completely divested of jurisdiction to hear the claim. Id.; (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976))."Courts may waive the exhaustion requirement if the claimants establish (1) their claims to the district court are collateral to their claim of benefits; (2) that irreparable injury will follow; and (3) that exhaustion will otherwise be futile." Degnan v. Burwell, 765 F.3d 805, 808 (8th Cir. 2014) (citations omitted). Hunter has not stated facts that would support a waiver of the exhaustion requirement, thus this Court does not have jurisdiction to hear his claim and his amended petition for writ of mandamus is dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court lacks the authority to compel

resignations of the President, the Attorney General of the United States, or the Commissioner of Social Security.

Accordingly, it is

ORDERED that Hunter's motion to proceed in forma pauperis, Doc. 2, is granted. It is finally

ORDERED that Hunter's amended petition for writ of mandamus is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice to refiling once he has exhausted administrative remedies.

DATED this 12th day of August 2020.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE